## TATUM v. NATIONAL LIFE & ACCIDENT INS. CO., Inc. *

### No. 16124.

Court of Appeal of Louisiana. Orleans.

May 27, 1935.

Rudolph O. Vorbusch, of New Orleans, for appellant.

Porteous, Johnson & Humphrey and F. Carter Johnson, Jr., all of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for eight weeks' disability at the rate of $7 per week on two industrial health policies. There was judgment below dismissing plaintiff's demand, and he has appealed.

The defendant insurance company admits the issuance of the policy, the receipt of the premium, and the disability of the plaintiff, and defends upon the ground that the policy limits recovery for illness to 140 days, or 20 weeks, in any twelve consecutive months, and that this plaintiff has been paid, during the twelve months next preceding January 14, 1935, the first week for which disability is claimed in this suit, more than twenty weeks' disability.

The clause in the policy relied on reads as follows: "Weekly benefits for sickness will only be paid for each period of seven consecutive days that the insured has been by reason of illness necessarily confined to bed and there visited professionally by a duly licensed and practicing physician. * * * The number of weekly benefits payable under this policy in any twelve consecutive months is limited to twenty."

The record shows that plaintiff received the following payments in 1934:

| Jan. 14 | 7.00 | Aug. 2 | 7.00 | Sept. 20 | 7.00 |
|---|---|---|---|---|---|
| June 4 | 7.00 | Aug. 9 | 7.00 | Sept. 27 | 7.00 |
| June 11 | 7.00 | Aug. 17 | 7.00 | Oct. 4 | 7.00 |
| June 28 | 7.00 | Aug. 23 | 7.00 | Oct. 11 | 7.00 |
| July 5 | 7.00 | Aug. 30 | 7.00 | Oct. 18 | 7.00 |
| July 18 | 7.00 | Sept. 6 | 7.00 | Oct. 25 | 7.00 |
| July 25 | 7.00 | Sept. 15 | 7.00 | Oct. 31 | 7.00 |

Plaintiff's counsel contends that his client is a hopeless invalid and has been such since January 14, 1934, the date of the first payment for disability benefit under the policy sued on, and that the delay in payment between January 14 and June 4, 1934, was arbitrary on the part of the defendant, and results in a great disadvantage to plaintiff, in that it unduly postpones the resumption of payments under the quoted provision of the policies. He further contends that the last payment made by the defendant company, that of October 31, 1934, was, under its construction of the policy provision, not due, and that its payment is prejudicial to plaintiff and should not, therefore, be considered.

The first week for which disability is claimed in this suit is that of January 14, 1935. An examination of the payments which we have listed seriatim in this opinion shows that if the payment of $7 on the 31st of October, 1934, be considered, the claim for the week of January 14, 1935, is not due, because twenty-one payments have been made in the twelve preceding consecutive months. The next week for which disability is claimed is the one ending January 21, 1935. This claim cannot be allowed because, counting backwards, twenty payments have been made in the preceding twelve months; and the same is true of the claims for each of the other six weeks. In other words, the defendant, under the policy sued on, will not be liable for any further payments on account of disability, or ailments, until June 4, 1935, if the plaintiff be in a physical condition to entitle him to sick benefits at that time. If we ignore the payment of October 31, 1934, one week's

disability would be due plaintiff, but, considering the fact that no substantial advantage would result to plaintiff and the further fact that this amount has been received, though in excess of the company's obligation under the policy, we believe a more equitable result would be obtained by a simple affirmance of the judgment appealed from.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.